**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4183**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHNATHAN DION MCLENDON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00313-CCE-1)

———————

Submitted:  October 16, 2025                     Decided:  October 21, 2025

———————

Before KING, AGEE, and RICHARDSON, Circuit Judges.

———————

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

———————

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Stephen Thomas Inman, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Dion McLendon appeals his conviction and the 96-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether McLendon's guilty plea was knowing and voluntary and whether McLendon's sentence is reasonable.  Although notified of his right to do so, McLendon has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as barred by the appeal waiver included in McLendon's plea agreement, by which he waived "his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which [he pled] guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute)," with limited exceptions not applicable here.  We dismiss in part, affirm in part, and remand with instructions to amend the written judgment.

We review the validity of an appeal waiver de novo.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *Id.* (citation modified).  "A valid appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.* (citation modified).

2

Our review of the record confirms that McLendon knowingly, voluntarily, and intelligently executed the appeal waiver. We therefore dismiss the appeal as to all issues within its scope, including the reasonableness of the sentence.

However, an appeal waiver does not prevent us from reviewing the validity of McLendon's guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Fed. R. Crim. P. 11 hearing despite waiver). Because McLendon did not move to withdraw his plea or otherwise object during the plea hearing, we review the validity of his plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Our review of the record confirms that the magistrate judge substantially complied with Rule 11 and ensured that McLendon's plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that McLendon's guilty plea is valid.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of McLendon's valid appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. However, we remand with instructions to amend the written judgment to reflect that McLendon pled guilty to violating 18 U.S.C. §§ 922(g)(1), 924(a)(8).[*]

This court requires that counsel inform McLendon, in writing, of the right to petition the Supreme Court of the United States for further review. If McLendon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McLendon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*

---

[*] Presently, the written judgment indicates that McLendon was subject to the enhanced penalties in 18 U.S.C. § 924(e). Although McLendon was indicted under this provision, he pled guilty to the lesser-included offense of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

4